UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EDUARDO SANCHEZ DOMINGUEZ,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; DANIEL A. BRIGHTMAN, San Diego Field Office Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United State,

Respondents.

Case No.: 3:26-cv-4335-JES-AHG

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Eduardo Sanchez Dominguez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return and Petitioner filed a traverse. ECF Nos. 4 ("Return"), 5 ("Traverse"). After due consideration and for the reasons below, the Court **DENIES** the Petition without prejudice.

//

## I. BACKGROUND

Petitioner is a native of Cuba who entered the United States on March 23, 2002. Pet. ¶ 17. Petitioner was briefly detained, then released from custody on parole. *Id.* ¶¶ 17-18.

The Department of Homeland Security ("DHS") subsequently placed Petitioner in removal proceedings. *Id.* ¶ 20. Petitioner alleges that he did not receive notice of hearings, resulting in his missing a hearing on January 11, 2023, at which an immigration judge ordered him removed in absentia. *Id.* ¶¶ 21-22. Petitioner moved to reopen his proceedings and rescind the in absentia order. *Id.* ¶ 23. The immigration judge denied the motion on January 2, 2024, and Petitioner did not appeal the denial. *Id.*

Petitioner alleges that he is eligible for relief under the Cuban Adjustment Act, and that he is in the process of applying for such relief. *Id.* ¶ 25.

On June 25, 2026, Petitioner was re-detained at an airport in Florida. *Id.* ¶ 26. Petitioner was then transferred to the Otay Mesa Detention Center. *Id.* ¶ 27.

Petitioner alleges that his detention is unlawful as his removal to Cuba is not significantly likely in the reasonably foreseeable future. *Id.* ¶ 30.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

Once an immigration court enters a final order of removal, § 1231 governs the detention. Under this provision, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). After the 90-day period, detention is governed by § 1231(a)(3) or (a)(6) and the Due Process standards set forth in *Zadyvdas*. 533 U.S. at 687. In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. *Id.* The Court instructed courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

It is not disputed that there is now a final order of removal against Petitioner, that the 90-day removal period triggered by Petitioner's final order of removal has passed, and that Petitioner is currently detained for the first time following that order becoming final. *See* Pet. ¶ 28; Return at 2. Petitioner has been detained following his final order of removal since June 25, 2026, about two months at the time of writing of this order. Pet. ¶ 4. Petitioner's detention is thus within the six month presumptively reasonable period of detention following a final order of removal under *Zadvydas*, 533 U.S. at 701. Petitioner argues that his removal is not reasonably foreseeable, but notes that Respondents have removed approximately 612 individuals to Cuba in 2026 alone, representing a significant increase in successful removals to Cuba. Pet. ¶ 31. Respondents state that there is a high probability of Petitioner's removal to Cuba. Return at 4. Under these unique facts, and

considering the six month period has not elapsed, Petitioner has not overcome the presumption of reasonableness set forth in Zadvydas to show his detention is not reasonable.

Accordingly, at this time, the Court **DENIES** Petitioner's petition. The denial, however, is without prejudice to Petitioner refiling should his detention post-removal detention extend past the 6-month period of presumptive reasonableness.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition without prejudice. The Clerk of the Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 28, 2026

Honorable James E. Simmons Jr.
United States District Judge